**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Juan Alavid Cortez,

Petitioner,

Civil No. 04-4026 (RHK)
Criminal No. 02-257 (2) (RHK/AJB)

**ORDER**

vs.

United States of America,

Respondent.

---

On December 2, 2002, Defendant entered pleas of guilty to both counts in the Indictment charging him with conspiracy to distribute methamphetamine. The pleas of guilty were entered without a plea agreement with the Government. At the time, however, the Government filed a “Position on Applicable Sentencing Guidelines Calculation” which detailed the Government’s view of the base offense level applicable to the facts of the case.

Following the plea, a presentence investigation report was filed in which it was recommended that the Defendant’s base offense level be set at 32, based on a drug quantity of 59.43 grams of “actual” methamphetamine. It should be noted that the Position paper filed by the Government at the time of the Defendant’s guilty plea stated that the base level would either be 30 or 32. There was no objection to the calculation in the Position paper at the time of the plea or to the calculation of the 32 base level in the Presentence Investigation Report.

At sentencing, the undersigned determined that Defendant did not quality for the safety valve nor for a role reduction as a minor participant. The Presentence Investigation

Report's calculation of the total offense level of 32 was adopted. The Defendant was sentenced to 87 months in prison, the low end of the applicable guidelines range.

On appeal to the Eighth Circuit, Defendant argued that he was entitled to a minor role reduction and qualified for the safety valve. Both claims were rejected.

In this proceeding, Defendant asserts that:

(1) his counsel was ineffective for not securing a plea agreement with the Government;

(2) the drug weight calculation used to determine his base offense level was incorrect; and

(3) he is entitled to a minor role reduction in his offense level.

With respect to the lack of a plea agreement, Defendant's claim is without merit. There is no "right" to a plea agreement in every case, and it appears from the record that the plea agreement was not available because Defendant declined to give a truthful proffer in his attempt to secure the benefit of the safety valve. In the instant Petition, he states that he "decided not to follow through with a complete and truthful recitation of his own and others' roles in this offense, due to fear for his family's safety should it become known that he was an 'informant' for the Government." That acknowledgment alone is a sufficient basis for the Government's refusal to enter into a plea agreement with him–and it certainly cannot be used as a basis for arguing that his counsel was ineffective.

The issue of his entitlement to a role reduction was presented to, and rejected by, the Eighth Circuit. It will not be reexamined here.

With respect to the issue of the drug quantity, the Court finds no error in the initial determination of base offense level 32. Defendant argues that the federal guidelines in effect on November 1, 2002 were used and that his offense took place in July 2002. From that, he urges the Court to use the 1992 guidelines (apparently for the reason that the law library where he is incarcerated does not have the more current version of the guidelines). As the Government points out, however, even if the Court had applied the 2001 guidelines (effective November 1, 2001), the result would be the same–a base offense level of 32.

Based on the foregoing, and all the files, records and proceedings herein, **IT IS ORDERED**:

1. The Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 116 [CR-02-257]; Doc. No. 1 [CV-04-4026]) is **DENIED**; and

2. The Court declines to issue a Certificate of Appealability.

Dated: April 13, 2005

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge